IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**FILED**

OCT 19 2000

LARRY W. PROPES, CLERK
COLUMBIA, S. C.

| UNITED STATES OF AMERICA | ) | Criminal No: 3:00-655 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| **TRACY LEIGH BASHAM** | ) | |
| | ) | |

AGREEMENT made this 18th day of October, 2000, between and among the United States of America, as represented by United States Attorney J. René Josey, Assistant United States Attorney Dean A. Eichelberger; the Defendant, **TRACY LEIGH BASHAM**, and Defendant's Attorney, Katherine E. Evatt, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **TRACY LEIGH BASHAM**, agrees to plead guilty to Count 1 of the Indictment now pending, FED. R. CRIM.P. 11(a).

2. The Defendant, **TRACY LEIGH BASHAM**, agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

3. For the purpose of establishing the amount of restitution which may be ordered by the Court, pursuant to Title 18, United States Code Sections 3579(a) and/or 3651, Sections 3663, 3563 and/or 3556 the Defendant, **TRACY LEIGH BASHAM**, agrees that the following victims and aggrieved parties suffered the amount of loss indicated:

SouthTrust National Bank – Amount of loss $15,987

The Defendant further agrees that restitution should be ordered for the following named victims and aggrieved parties in the following amounts:

SouthTrust National Bank– Amount $15,987

4. The Defendant, **TRACY LEIGH BASHAM**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which she pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if she fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

5. The Defendant, **TRACY LEIGH BASHAM**, understands and agrees that by pleading guilty as contemplated by this Plea Agreement she will be prohibited pursuant to Title 12 U.S.C., Section 1829(a) from: (i) becoming or continuing as, an institution-affiliated party (as defined by Title 12 U.S.C., Section 1813(u)) with any insured depository institution; (ii) owning or controlling, directly or indirectly, any insured depository institution; or (iii) participating, directly or indirectly, in the conduct of affairs of any insured depository institution without the prior written consent of the Federal Deposit Insurance Corporation. The Defendant, **TRACY**

**LEIGH BASHAM**, further understands and agrees pursuant to the provisions of Title 12, U.S.C. Section 1829(a)(2) the Federal Deposit Insurance Corporation may not provide such written consent during the 10-year period beginning on the date the conviction becomes final. The Defendant further understands and agrees that the maximum penalty for knowingly violating Title 12, U.S.C. Section 1829(a) is five (5) years imprisonment, a one million dollar ($1,000,000) fine for each day a violation continues, or both.

The Defendant, **TRACY LEIGH BASHAM**, further understands and agrees that by pleading guilty as contemplated by this Plea Agreement she will be prohibited pursuant to Title 12, U.S.C., Section 1785(d) from (i) becoming, or continuing as, an institution-affiliated party with any insured credit union; or (ii) otherwise participating, directly or indirectly, in the conduct of the affairs of any insured credit union without the prior written consent of the National Credit Union Administration Board. The Defendant, **TRACY LEIGH BASHAM**, further understands and agrees that pursuant to the provisions of Title 12, U.S.C., Section 1785(d)(2)(A) the National Credit Union Administration Board may not provide such written consent during the 10-year period beginning on the date the conviction becomes final. The Defendant further understands and agrees that the maximum penalty for knowingly violating Title 12 U.S.C., Section 1785(d) is five (5) years imprisonment, a one million dollar ($1,000,000) fine for each day a violation continues, or both.

6. The Defendant, **TRACY LEIGH BASHAM**, agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration. The Defendant agrees that any monetary penalty the court imposes, including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

7. The Defendant, **TRACY LEIGH BASHAM**, agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of bank robberies and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning bank robberies and other unlawful activities. Also, the Defendant understands that she must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents of any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw her plea of guilty to the offenses described above: (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district: (3) the Attorneys for the Government may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Defendant, **TRACY LEIGH BASHAM**, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant, **TRACY LEIGH BASHAM**, further agrees that her failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

9. The Attorneys for the Government agree that any self-incriminating information provided by the Defendant, **TRACY LEIGH BASHAM**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **TRACY LEIGH BASHAM**, in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8, United States Sentencing Commission Guidelines.

10. Provided the Defendant, **TRACY LEIGH BASHAM**, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another

person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant, **TRACY LEIGH BASHAM**, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw her plea.

11.     The Defendant, **TRACY LEIGH BASHAM**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed in conformity with the United States Sentencing Commission Guidelines, Application Notes and Policy Statements. The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED. R. CRIM. P. 11(f).

12. The Attorneys for the Government agree to advise the sentencing Court of the extent and value of the Defendant's cooperation if called upon to do so by the Defendant, **TRACY LEIGH BASHAM.**

13. The Defendant, **TRACY LEIGH BASHAM**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10/18/00
DATE

TRACY LEIGH BASHAM, Defendant

10/12/00
DATE

Katherine E. Evatt
Attorney for the Defendant

10/18/2000
DATE

J. RENÉ JOSEY
UNITED STATES ATTORNEY

BY: Dean A. Eichelberger
Assistant U. S. Attorney